2. "When the judgments were recovered against the executor, it was not necessary that the wife and children of the debtor should be made parties, for they were privies in estate with the executor and bound by judgments against him as to the existence of the debts and all matters necessarily involved and therein adjudicated."

3. The order of reference was premature, both because it was before the answers were filed, and because an appeal from the order overruling the oral demurrer was then pending.

4. Under the demurrer, the question whether the land conveyed was the debtor's homestead, was not involved. OPINION by MR. JUSTICE McGOWAN, July 11, 1887. *Perry & Heyward*, for appellants. *Geo. Westmoreland* and *A. C. Welborn*, contra.

No. 2092. HOLLAND *v.* KEMP. April Term, 1887. The complaint alleged as a first cause of action, the execution by defendant to plaintiff of a sealed note which was copied into the complaint; as a second cause of action, the like execution of another sealed note which was copied; and as a third cause of action, the like execution of still another note, which was copied; then followed a paragraph stating in the aggregate the amount due on the three notes and demanding judgment therefor. Defendant demurred separately to the three causes of action, that they did not in themselves state facts sufficient to constitute a cause of action. The demurrers were overruled by the Circuit Judge (Hudson) and defendant appealed. *Held*, that the three causes of action were sufficiently stated; but that there was really only one cause of action embracing three items. And moreover, if imperfectly stated, the proper remedy is not demurrer, but motion before trial to make the averments more definite. OPINION by MR. JUSTICE McGOWAN, July 12, 1887. *Westmoreland & Dorroh*, for appellant. *T. Q. & A. H. Donaldson*, contra.

No. 2103. TALBOTT & SONS *v.* E. J. SANDIFER. April Term, 1887. This was an action to foreclose a mortgage on a steam engine. The defence was, breach of warranty and offer to rescind. Under issues submitted to the jury, they found that plaintiffs had not complied with their agreement, and that defendant's damages by reason thereof were $100. The Circuit Judge (Witherspoon) declined to rescind, but ordered a credit of $100 to be entered on

plaintiffs' note, and a foreclosure for the balance. Defendant appealed upon the single ground that he should have been allowed to enter up judgment on the verdict. *Held*, that the Circuit Judge was not bound by the verdict, but had the right and it was his duty, to render his own decision. OPINION by MR. JUSTICE McIVER, July 20, 1887. *Skinner & Williams*, for appellant. *James E. Davis*, contra.

No. 2111. LOGAN *v.* LOGAN. April Term, 1887. Findings of fact by the master, concurred in by the Circuit Judge (Hudson), in a chancery case, approved. OPINION by MR. ACTING JUSTICE PRESSLEY (sitting in the stead of McGOWAN, A. J.), September 26, 1887. *Graydon & Graydon*, for appellants. *Benet & Smith*, contra.

No. 2132. TALBOTT & SONS *v.* P. W. SANDIFER. On April 21, 1883, the plaintiffs sold a steam engine, &c., to defendant, and the following agreement in writing was made :

An agreement made and entered into by and between Talbott & Sons, of the city of Richmond, State of Virginia, of the one part, and P. W. Sandifer, Bamberg, S. C., of the other part.

*Witnesseth:* That the said Talbott & Sons agree to furnish said P. W. Sandifer the following articles, viz., one 20 h. p. standard stationary engine * * * .complete, to be ready for delivery on car at Bamberg, S. C., on or about the 1st of June, 1883, for the consideration of the payment of $1,800, as follows : two hundred dollars cash in hand upon delivery of machinery ; six hundred dollars in note, due 1st November, 1883 ; six hundred dollars in note, due 1st January, 1884, and the delivery at Bamberg, S. C., of one H. P. Bigelow engine, valued at $400. Note to bear date of bill of lading, with 7 per cent. interest added. The condition of the above contract is, that the legal title and right of property in and to the above described property is to remain and be vested in Talbott & Sons, of Richmond, Virginia, to take.possession of the said property at any time after the maturity of said note, or either of them ; but in case the said notes are paid off, then the title of said property to vest in the said P. W. Sandifer. Talbott & Sons warrant the above described machinery to be of good material and workmanship, and to perform in a satisfactory manner when properly used ; also, are to send a competent man to superintend the setting up and starting of same, free of charge, and are to grant an extension of January note, if necessary. It is understood that no warranty or verbal understanding of any kind